**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

YUDAISIS BACALLAO SANCHEZ,

Petitioner,

v. No. 26-cv-01534-KWR-LF

WARDEN, *et al*,

Respondents,

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court following Petitioner's failure to amend her 28 U.S.C. § 2241 in accordance with the Court's prior instructions. Petitioner is an immigration detainee and is proceeding *pro se*. The opening Petition, filed by a putative Next Friend, generally alleges Petitioner is detained without justification. The opening Petition indicates she was arrested on criminal charges, but the result of that proceeding is unclear. By an Order entered June 5, 2026, the Court explained that such information is insufficient to adequately evaluate Petitioner's claims for purposes of Habeas Corpus Rules 1 and 4. *See* Doc. 7; *see also* 8 U.S.C. § 1226(c) (whether detention is mandatory can depend on criminal history).

The Court directed Petitioner to file an amended petition that provides more details about why her detention is illegal. The Order includes instructions on what information to provide in the amendment. Petitioner was directed to specify: (1) when Petitioner entered the United States; (2) what process (bond hearings, removal hearings, etc.) Petitioner has received so far and the reason for any denial of bond; (3) the outcome of any pending criminal proceedings, including whether a state court ruled on bond and/or entered judgment; and (4) whether she is subject to a final removal

order. *See* Doc 3. The Order also warns that if the amended petition is signed by Petitioner's putative Next Friend, it must "(1) provide an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why [Petitioner cannot] … prosecute the action, and (2) show that [the Next Friend] is truly dedicated to [Petitioner's] best interests." *Jiron v. Swift*, 671 Fed. App'x 705, 706 (10th Cir. 2016) (quotations omitted). The Order notes that the failure to timely comply may result in dismissal without further notice.

Petitioner did not comply with the prior Order. *Pro se* party Silvia Sanchez Barreto signed and filed two pleadings (Docs. 8, 9) on Plaintiff's behalf. The first pleading describes Petitioner's detention history; argues that humanitarian circumstances warrant relief; and attaches documents relating to her larceny arrest in Florida. *See* Doc. 8. The second pleading – an affidavit – states that Ms. Sanchez Barreto signed the filings for her daughter, who has limited access to legal resources and communication. *See* Doc. 9.

The Court declines to order an answer to the recent pleadings, for two reasons. The pleadings do not raise claims for relief or explain why Petitioner's detention violates federal law, nor do they show she is entitled to the requested remedy (*i.e.,* an immediate release from custody). At most, the pleadings allege Petitioner should be released on humanitarian grounds. Alternatively, *pro se* party Silvia Sanchez Barreto has not satisfied the requirements for proceeding as Petitioner's Next Friend. There is no indication Petitioner is incompetent or has been denied access to courts. Rather, the pleadings raise a conclusory allegation that Petitioner has limited access to legal resources and communication during her detention. Nearly all *pro se* petitioners in custody face the same conditions, and they do not excuse Petitioner from signing her own pleadings. *See Winanto v. Warden, Baker Cnty. Det. Ctr.,* 2026 WL 1543215, at *1 (M.D. Fla. June 2, 2026)

(rejecting next friend filing that generally relies on petitioner's "limited access to legal resources"); *Flanik v. Maldonado*, 2026 WL 1465457, at *1 (N.D. Ohio May 26, 2026) (collecting cases for the same proposition).

Based on the foregoing, the Court will dismiss this case without prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to amend/clarify the claims in accordance with the prior instructions and alternatively, because *pro se* party Silvia Sanchez Barreto lacks standing to sign the Petition on behalf of Petitioner. The Court will also deny Petitioner's pending motions (Docs. 2-4), which are now moot. Because the Court has not reached the merits of any claims, Petitioner may file a new § 2241 petition if she still seeks relief. Petitioner must personally sign the new § 2241 petition and set forth the exact grounds for relief.

**IT IS ORDERED** that the above-captioned case is **DISMISSED without prejudice**; Petitioner's Motion to Prevent Transfer (**Doc. 2**); Motion for Bond Hearing (**Doc. 3**); and Motion to Stay Removal (**Doc. 4**) are **DENIED as moot**; and the Court will enter a separate judgment closing the civil habeas case.

**SO ORDERED**.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE